UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No: 3:07-CR-66 |
| | ) | (PHILLIPS/GUYTON) |
| DARRYL LAMONT DAVIS | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. Defendant Darryl Lamont Davis has submitted two motions for this Court's consideration: Motion for Severance [Doc. 23][1] and Motion for Criminal Records of All Witnesses [Doc. 25].

    A.    **Motion for Severance**

Defendant's Motion for Severance [Doc. 23], filed on July 24, 2007, asks the Court to sever the six count indictment, which charges him with three offenses, into three separate crimes and try them at separate prosecutions. Defendant avers the "three offenses for which he has been

---

[1] The Court observes that Defendant Davis filed the above motion on July 24, 2007. On August 7, 2007, the Grand Jury returned a Superseding Indictment against the Defendant charging eight counts: one count of armed bank robbery in violation of 18 U.S.C. § 2113, two counts of armed Hobbs Act robbery in violation of 18 U.S.C. § 1951, three counts of using, carrying, and brandishing a firearm during and in relation to those crimes of violence; being a felon in possession of a firearm and ammunition in violation of 18 U.S.C. § 922(g)(1), and evidence tampering in violation of 18 U.S.C. § 1512. However, Defendant Davis did not file a supplemental motion to his Motion for Severance, thus the Court treats the Motion for Severance in light of the six counts addressed by the Defendant.

indicted are not connected and bear no relationship to each other" and are improperly joined under Rule 8 of the Federal Rules of Criminal Procedure [Doc. 23]. The government opposes [Doc. 30] Defendant's motion, indicating that the charges are "properly joined because they all arise out of three similar offenses" as Defendant is "charged with eight counts arising from three robberies in Knoxville, all occurring within one month's time."

Rule 8(a) of the Federal Rules of Criminal Procedure sets forth the conditions under which multiple offenses may be joined in a single indictment. The Rule states:

> Two or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged, whether felonies or misdemeanors or both, are of the same or similar character or based on the same act or transactions connected together or constituting parts of a common scheme or plan.

The "spirit" of Rule 8(a) is to "promote the goals of trial convenience and judicial economy." United States v. Graham, 275 F.3d 490, 512 (6th Cir. 2001). Thus, "Rule 8(a) does not require that all evidence relating to each charge be admissible in separate trials. Rather, when the joined counts are logically related, and there is a large area of overlapping proof, joinder is appropriate." United States v. Wirsing, 719 F.2d 859, 863 (6th Cir. 1983).

In this case, the Court finds that Counts One through Six are properly joined offenses under Rule 8 as they are "based on ... transactions connected together or constituting parts of a common scheme or plan." The evidence introduced at trial on Count One would overlap with Counts Three and Five. Evidence of the alleged participation in the other bank robberies would be introduced by the government as "other acts" evidence offered to prove the *modus operandi* of the defendant and to establish his identity. See United States v. Johnson, 27 F.3d 1186, 1194 (6th Cir. 1994) ("In cases in which the identity of the perpetrator of the crime charged is at issue, evidence

that the defendant committed other acts utilizing the same *modus operandi* ... as was employed by the perpetrator of the crime charged, is admissible as tending to prove that the defendant committed the crime charged."). The Court also finds that Counts One through Six are properly joined offenses because of the similarities these counts share. In other words, the Court finds that Counts One though Six are "of the same or similar character" pursuant to Rule 8(a). Accordingly, Counts One through Six are properly joined under Rule 8(a).

Rule 14 of the Federal Rules of Criminal Procedure provides for severance of separate counts of an indictment where the defendant can demonstrate that prejudice will result from a joint trial. Thus, Defendant may move to sever the counts, pursuant to Fed.R.Crim.P. 14, but he has the burden of establishing prejudice if the counts remain joined for trial. In this case, Defendant seeks severance and generally alleges prejudice from the jury's inability to "segregate the evidence the evidence applicable to each count." [Doc. 24]. The Court finds Defendant's "non-specific assertions of prejudice are insufficient to warrant severance under Rule 14." United States v. Bowker, 372 F.3d 365, 384-85 (6th Cir. 2004).

### B. Motion for Criminal Records of All Witnesses

Defendant's Motion for Criminal Records of All Witnesses [Doc. 25], filed on July 24, 2007, asks the Court to direct the government to provide the defendant with a list of government witnesses and their criminal records. Defendant contends this information is "critically important for meaningful cross-examination by Defendant's counsel." [Doc. 25]. The information sought has largely been previously addressed in the Court's Order on Discovery and Scheduling [Doc. 12]. As to Defendant Davis's request for the criminal records of government witnesses, see Order on Discovery and Scheduling [Doc. 12] at ¶ F. As to material to be used in impeachment of

government witnesses, the Court's Order on Discovery and Scheduling [Doc. 12] at paragraph E provides:

> The government shall reveal to the defendant and permit inspection and copying of all information and material known to the government which may be favorable to the defendant on the issues of guilt or punishment within the scope of Brady v. Maryland, 373 U.S. 83 (1963), United States v. Agurs, 427 U.S. 97 (1976) (exculpatory evidence), and United States v. Bagley, 473 U.S. 667 (1985) (impeachment evidence).

The Court finds that it has already ordered the government to turn over impeachment materials within the scope of Bagley. Should the Defendant become aware of specific material that may be subject to this provision, he may make a specific request of the government, then bring the matter to the attention of the Court if necessary.

Accordingly, Defendant's Motion for Severance **[Doc. 23]** and his Motion for Criminal Records of All Witnesses **[Doc. 25]** are **DENIED**.

**IT IS SO ORDERED.**

**ENTER:**

s/ H. Bruce Guyton
United States Magistrate Judge